**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUCAS RICARDO SA DE OLIVEIRA,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | )<br>)<br>)<br>)   Civil No. 26-39<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM OPINION</u>

Pending before the court is a motion to enforce court order, or reconsider court order, or

permit limited discovery (ECF No. 15) filed on behalf of petitioner Lucas Ricardo Sa De

Oliveira ("Petitioner"), with a 313-page exhibit in support (ECF No. 15-1). Leonard Oddo, et.al

("Respondents") filed a response in opposition (ECF No. 17). Upon review of the materials, the

court ordered the parties to provide the transcript of the "merits hearing" on 12/19/2025 (*see* ECF

No. 15-1 at 293). The parties provided the transcript and oral decision summary (ECF No. 19),

which the court reviewed. Petitioner's motion is ripe for decision.

Petitioner, a citizen of Brazil, filed a petition for Writ of Habeas Corpus (ECF No. 1)

asserting that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not

mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. On

April 15, 2026, the court granted the Petition in part, and ordered that within ten days, Petitioner

must receive an individualized bond hearing before a neutral immigration judge pursuant to 8

U.S.C. § 1226 (ECF No. 12).

In the pending motion, Petitioner admits that a bond hearing was held on April 22, 2026,

and that the immigration judge denied bond because Petitioner was a "significant flight risk."

(ECF No. 15 at 3).  He argues, however, that the hearing was constitutionally and statutorily defective.  Among other things, Petitioner argues the immigration judge's decision did not permit meaningful appellate review and amounted to a rubberstamp denial.

Respondents argue the motion should be denied.  They contend: (1) Petitioner did not exhaust his administrative remedies by appealing the denial of bond to the Board of Immigration Appeals; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process.

This court's review is narrow.  A motion to enforce is not an appropriate vehicle to challenge a bond decision with which a petitioner is displeased.  Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see Quinteros*, 784 F. App'x at 78. This court's review of the

2

bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

The court reviewed the unofficial transcript of the April 22, 2026 bond hearing, which was provided by Petitioner (ECF No. 15-1 at 287-294). The record reflects that Petitioner submitted evidence to the immigration judge in advance of the hearing. The immigration judge reviewed the record and noted he was familiar with Petitioner's case from the merits hearing. ECF No. 15-1 at 292-93. The immigration judge instructed the government attorney to submit a position to create a fulsome record, which was done and made available to Petitioner. *Id*. at 289. While Petitioner did not testify[1], counsel for Petitioner was allowed to make arguments and proffered facts on her client's behalf. After reviewing the record, the court concludes the immigration judge made an individualized determination.

The immigration judge provided an oral explanation for his decision on the record, which enabled this court to meaningfully review the decision. The immigration judge found that Petitioner was not a danger to the community. The decision was based on flight risk. Petitioner is subject to a removal order and the immigration judge believed there was a low likelihood of success of Petitioner's appeal of that order (ECF No. 15-1 at 293).

The immigration judge incorporated by reference the reasons outlined in the merits hearing and decision by the same immigration judge on December 19, 2025 (ECF No. 19). *Id.* In that hearing, the immigration judge found that Petitioner was not a persuasive witness in several respects, including his willingness to bring his children to a country he feared, his self-serving statements about the quality of health care in Brazil, his failure to timely pay taxes and to

---

[1] Whether to permit testimony is a discretionary decision for the immigration judge. *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

obtain a license for his business and likely perpetrating a tax fraud.  The immigration judge found that Petitioner lacked good moral character and his fear of harm was a result of a personal conflict (i.e., attempts by creditors to recover amounts stolen by a former business partner) which was not a protected ground for asylum.  The immigration judge found Petitioner to be a flight risk because the immigration judge concluded he had no intention of voluntarily leaving the United States.  Tr. at 6-7.

Those are individualized circumstances, which the immigration judge considered.  The immigration judge considered counsel's argument that Petitioner did not pose a flight risk, but was not convinced by that argument.  While Petitioner or this court may disagree with the immigration judge's decision, that disagreement is not sufficient to show that the hearing was fundamentally unfair.  Under those circumstances, this court lacks jurisdiction to overturn the immigration judge's discretionary determination.  *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.  Any other arguments raised are beyond the scope of this court's review.  *See Ghanem*, 2022 WL 574624 at *2.  The court need not address the parties' dispute about exhaustion of administrative remedies.

Conclusion

For the reasons set forth above, the motion to enforce court order (ECF No. 15) will be denied.

An appropriate order will be entered.


Dated:  June 24, 2026                              BY THE COURT:

                                                   /s/ Joy Flowers Conti
                                                   Joy Flowers Conti
                                                   Senior United States District Court Judge